IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMANA HEALTH PLAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1793 |
| | § | |
| PATRICK NGUYEN, DAVID ABNEY, | § | |
| and CRADY, JEWETT, & | § | |
| MCCULLEY, LLP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Humana Health Plan, Inc. ("Humana"), filed this action asserting claims against defendants, Patrick Nguyen ("Nguyen"), David Abney ("Abney"), and Crady, Jewett, & McCulley, LLP ("Crady"), to enforce the terms of the API Employee Benefits Plan ("Plan"), and for equitable relief pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et. seq. Pending before the court are Plaintiff Humana Health Plan, Inc.'s Motion for Summary Judgment (Docket Entry No. 41), and Defendant Patrick Nguyen's Response to Motion for Summary Judgment and Cross Motion for Summary Judgment (Docket Entry No. 44). Also pending are Nguyen's objections to Humana's evidence and request for a continuance to conduct discovery. For the reasons stated below, Humana's motion for summary judgment will be granted, Nguyen's objections to Humana's evidence will be overruled, Nguyen's cross motion for summary judgment and request for a continuance will be denied, and the court will enter a final

judgment ordering the Clerk to disperse settlement funds in the registry of the court to Humana, and ordering Nguyen to remit to Humana any additional funds recovered in connection with his accident on April 14, 2012, up to $274,607.84.

## I.  <u>Standard of Review</u>

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to present admissible evidence creating genuine issues of material fact for trial.  <u>Id.</u>

-2-

## II.  **Undisputed Facts**

Nguyen is a participant in the API Employee Benefits Plan ("Plan").  The Plan is governed by ERISA, 29 U.S.C. §§ 1001, et seq.  On July 13, 2009, API and Humana executed a Plan Management Agreement ("PMA") pursuant to which Humana is the Plan Manager and API is the Plan Administrator with discretion to interpret the terms of the Plan.[1]

In April of 2012 Nguyen was injured in an automobile accident ("accident").  From April 14, 2012 to April 5, 2013, the Plan paid $274,607.84 in medical expenses for Nguyen arising from the accident.[2]  Nguyen recovered from a third party settlement funds of $255,000.00 for damages sustained in the accident.  Humana asked Nguyen to reimburse the Plan for benefits paid on his behalf. Nguyen refused Humana's request, and this action ensued.[3]

------

[1]See Plan Management Agreement, Exhibit 1 attached to Declaration of Brian Bargender, Exhibit A attached to Memorandum in Support of Plaintiff Humana Health Plan, Inc.'s Motion for Summary Judgment ("Memorandum in Support of Humana's Motion for Summary Judgment"), Docket Entry No. 42-1, pp. 128-61, and Exhibit 3 to Defendant Patrick Nguyen's Response to Motion for Summary Judgment and Cross Motion for Summary Judgment ("Nguyen's Response"), Docket Entry No. 44-4, Article I, ¶ 1.8 (designating as Plan Administrator the person establishing the Plan, i.e., API), ¶ 1.9 (designating Humana as Plan Manager), and Article II, ¶ 2.3 (providing that the Plan Administrator, not the plan Manager is ultimately responsible for interpreting provisions of the Plan).

[2]Consolidated Statement of Benefits, Exhibit 1 to Verified Complaint, Docket Entry No. 1-1.

[3]See Factual Background, Nguyen's Response, Docket Entry No. 44, pp. 3-4 ¶¶ 8-11, and Statement of Undisputed Material Facts, Memorandum in Support of Humana's Motion for Summary (continued...)

### III.   **Procedural Background**

On June 16, 2013, Humana filed a Verified Complaint (Docket Entry No. 1) seeking to enforce the terms of the Plan, and to receive equitable relief in the form of the settlement funds that Nguyen received from a third party under 29 U.S.C. § 1132(a)(3). On June 20, 2013, the court entered a Temporary Restraining Order (Docket Entry No. 6), restraining defendants and others acting in concert with them from disposing of any of the settlement funds. On July 2, 2013, the court signed an Agreed Preliminary Injunction (Docket Entry No. 13) pursuant to which the settlement funds were deposited into the registry of the court.  On July 3, 2013, Humana filed a Notice of Voluntary Dismissal of David Abney and Crady, Jewett & McCulley, LLP (Docket Entry No. 18), and the court signed an Order (Docket Entry No. 19) dismissing the claims asserted against those defendants with prejudice.  Nguyen is the only remaining defendant.

On July 18, 2013, Nguyen filed a Counterclaim (Docket Entry No. 21) against Humana for breach of fiduciary duty.

On October 15, 2013, Humana filed Plaintiff Humana Health Plan, Inc.'s Motion for Summary Judgment (Docket Entry No. 41), and Memorandum in Support of Plaintiff Humana Health Plan, Inc.'s Motion for Summary Judgment (Docket Entry No. 42).  On November 12, 2013, Nguyen filed Defendant Patrick Nguyen's Response to Motion

_____

[3](...continued)
Judgment, Docket Entry No. 42, pp. 2-6.

-4-

for Summary Judgment and Cross Motion for Summary Judgment (Docket Entry No. 44), and on November 22, 2013, Humana filed Plaintiff Humana Health Plan, Inc.'s Reply in Support of Motion for Summary Judgment and Response in Opposition to Defendant's Cross Motion for Summary Judgment ("Humana's Reply," Docket Entry No. 45).

## IV.  **Analysis**

Humana argues that it is entitled to summary judgment on its claims to enforce the terms of the Plan and for equitable relief because the 2009 Summary Plan Description ("SPD") and the 2012 SPD both clearly state that the Plan is entitled to reimbursement.[4] Humana argues that Nguyen's breach of fiduciary duty counterclaim should be dismissed "because [Nguyen] does not deny that he has adequate relief through a claim for benefits,"[5] and because Nguyen "has not — and cannot — prove either that Humana would be unjustly enriched or that [Nguyen] has been harmed."[6] Nguyen argues that he is entitled to summary judgment on Humana's claims because Humana lacks necessary authority from the Plan to seek recovery,[7] and

---

[4]Memorandum in Support of Humana's Motion for Summary Judgment, Docket Entry No. 42, pp. 8-13; Humana's Reply, Docket Entry No. 45, pp. 1-8.

[5]Humana's Reply, Docket Entry No. 45, p. 1.

[6]Id.

[7]Nguyen's Response, Docket Entry No. 44, pp. 1 ¶ 1, and 4-5 ¶¶ 12-15.

because Humana is trying to enforce the wrong Plan document.[8] Alternatively, Nguyen argues that Humana has breached its fiduciary duty by pursuing claims that the Plan Administrator does not wish to pursue.[9]

## A.    Applicable Law

Federal common law governs the construction of ERISA plan provisions.  Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1452 n. 1 (5th Cir. 1995); Jones v. Georgia Pacific Corp., 90 F.3d 114, 116 (5th Cir. 1996).  In construing an ERISA plan, courts give Plan language its ordinary and generally accepted meaning. Provident Life & Accident Insurance Co. v. Sharpless, 364 F.3d 634, 641 (5th Cir. 2004).  Courts "construe the terms of the [ERISA] plan de novo 'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'"  Wegner v. Standard Insurance Co., 129 F.3d 814, 818 (5th Cir. 1997) (quoting Firestone Tire & Rubber Co. v. Bruch, 109 S. Ct. 948, 956-57 (1989)).  See also Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008).  The Fifth Circuit has held Bruch's principles applicable not only to benefit determinations brought by plan participants, but also to a plan's assertions of rights to reimbursement and subrogation.

---

[8]Id. at 6-7, ¶¶ 16-19.

[9]Id. at 9-10 ¶¶ 23-24.

Sunbeam-Oster Company, Inc. Group Benefits Plan for Salaried and Non-Bargaining Hourly Employees v. Whitehurst, 102 F.3d 1368, 1373 (5th Cir. 1996).  In Whitehurst the Fifth Circuit applied a de novo standard of review because the parties agreed that the administrator had not been vested with discretionary authority to interpret the Plan.  Id.  In this case, however, there is no dispute that the Plan Administrator was vested with discretionary authority to interpret the Plan.

When a plan administrator has been vested with discretionary authority to interpret a plan, courts review the administrator's decisions only for abuse of discretion.  See Koehler v. Aetna Health, Inc., 683 F.3d 182, 187 (5th Cir. 2012).  Application of the abuse of discretion standard may involve a two-step process. See Wildbur v. ARCO Chemical Co., 974 F.2d 631, 637 (5th Cir. 1992).  See also Duhon v. Texaco, Inc., 15 F.3d 1302, 1307-08 & n. 3 (5th Cir. 1994) (recognizing that "the reviewing court is not rigidly confined to [Wildbur's] two-step analysis in every case"). First, courts may determine if the plan administrator's interpretation of the plan was legally correct.  Wildbur, 974 F.2d at 637.  Second, if the administrator's interpretation of the plan was not legally correct courts determine whether the administrator's decision was an abuse of discretion.  Id.  In determining whether the plan administrator's interpretation of the plan was legally correct courts consider: (1) whether the administrator gave the plan a uniform construction, (2) whether the

-7-

interpretation is consistent with a fair reading of the plan, and (3) unanticipated costs.  Id. at 638.  In determining whether the plan administrator has abuse his discretion courts consider:

> (1)  the internal consistency of the plan under the administrator's interpretation,
>
> (2)  any relevant questions formulated by the appropriate administrative agencies, and
>
> (3)  the factual background of the determination and any inferences of lack of good faith.

Id.

## B.  Humana is Entitled to Summary Judgment on Its Claims for Enforcement of Plan Terms and for Equitable Relief

Citing 29 U.S.C. § 1132(a)(3), Humana alleges that

> 19. . . the Plan seeks equitable relief, including, but not limited to, equitable lien by agreement, equitable lien to enforce ERISA and the terms of the Plan, restitution, and imposition of a constructive trust with respect to the Disputed Funds.
>
> 20.  By refusing to cooperate with the Plan to protect its rights and refusing to reimburse the Plan to the extent of benefits paid out of the amount [Nguyen] recovered, [Nguyen has] violated the terms of the Plan.
>
> 21.  Since these acts and/or practices violate the Plan's terms, this Court should enter an order enforcing the terms of the Plan and requiring [Nguyen] to reimburse the Plan in the amount of $274,607.84.[10]

Humana also seeks declaratory judgment requiring Nguyen to turn over to the Plan up to $274,607.84.[11]

---

[10]Verified Complaint, Docket Entry No. 1, p. 5 ¶¶ 19-21.

[11]Id. at 6.

1.   Humana Is a Plan Fiduciary with Standing to File and Prosecute Reimbursement Claim Against Nguyen

"The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties . . . as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purpose."  Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 103 S. Ct. 2841, 2852 (1983)).  These "certain parties" include plan fiduciaries. 29 U.S.C. § 1132(a)(3). Humana alleges that it is a Plan fiduciary with standing to bring this action.[12]

Nguyen argues that he is entitled to summary judgment on Humana's claims because pursuant to the PMA, Humana is not a plan fiduciary but is, instead, only the Plan Manager; API is the Plan Administrator, and the Plan Administrator — not the Plan Manager — retains discretion to interpret the terms of the Plan.[13]  Citing the affidavit of Amy Manuel, Nguyen argues that "Ms. Manuel is the Plan

---

[12]Id. at 1 ¶ 2.  29 U.S.C. § 1132(a) reads as follows:

A civil action may be brought-

.  .  .  .  .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

[13]Id. at 3 ¶ 7.

Administrator for the API Plan.  *Manuel Affidavit*.  Humana does not
have discretionary authority to administrator the Plan in a way
that contradicts that of Ms. Manuel."[14]  Nguyen argues:

> 14.  For subrogation and reimbursement services, Humana
>      investigates claims and gathers additional
>      information to determine a potentially appropriate
>      party for payment.  *Manuel Affidavit*.  Humana does
>      not retain the discretion to decide if pursuing a
>      claim for subrogation is appropriate.  *Id*.  The
>      Plan Administrator has the ultimate discretion to
>      interpret the terms of the Plan, including
>      enforcement of Plan provisions.  *Id*.[15]

In her affidavit Ms. Manuel states in pertinent part:

> 6)  As Plan Manager, Humana provides certain designated
>     functions regarding the processing of claims and
>     the payment of benefits under the plan, including
>     subrogation/recovery Services for the Plan.   In
>     this capacity, Humana's responsibilities include
>     investigating claims and obtaining additional
>     information to determine if a person or entity may
>     be the appropriate party for payment.  Humana does
>     not have the authority to interpret the terms of
>     the Plan.  It does not have the ability to make a
>     final determination as to whether a claim for
>     subrogation or reimbursement is appropriate.
>
> 7)  Humana does not have the authority to unilaterally
>     initiate a lawsuit against a Plan participant on
>     behalf of the Plan.  The Plan did not authorize the
>     above referenced lawsuit.  Humana was specifically
>     advised that the Plan did not wish to engage in
>     litigation regarding any claim for subrogation or
>     reimbursement in this matter.[16]

---

[14]Id.

[15]Id. at 5 ¶ 14.

[16]Affidavit of Amy Manuel attached to Defendant's Response,
Docket Entry No. 44-1, pp. 2-3 ¶¶ 6-7.

Humana argues that the PMA provides it authority to assert the Plan's rights of subrogation and reimbursement.[17]   Humana also argues that the court should disregard the parts of Manuel's affidavit that "are blatantly contrary to the Plan Document and [the PMA]."[18]

Both parties cite the PMA executed by API and Humana on July 13, 2009, as the document governing the relationship between the Plan Administrator (API) and the Plan Manager (Humana).[19] Among the services that the PMA authorizes the Plan Manager to provide are subrogation/recovery services detailed in Article VII:

> 7.5   The Plan Manager will provide "Subrogation/ Recovery" services (in addition to routine application of the coordination of benefits provisions of the Plan) for identifying and obtaining recovery of claims payments from all appropriate parties through operation of the subrogation or recovery provisions of the Plan.
>
> (a)   Subrogation/Recovery services will be provided by the Plan Manager following its normal procedures and such services may be performed by subcontractors and/or counsel selected by the Plan Manager.
>
> (b)   Subrogation/Recovery services include the following activities:

---

[17]Humana's Reply, Docket Entry No. 45, pp. 5-8.

[18]Id. at 12.

[19]See PMA, Exhibit 3 to Declaration of Brian Bargender, Exhibit A to Memorandum in Support of Humana's Motion for Summary Judgment ("PMA"), Docket Entry No. 42-1, pp. 128-61, and Exhibit 3 to Nguyen's Response ("PMA"), Docket Entry No. 44-4.

(1)   Investigation of claims and obtaining additional information to determine if a person or entity may be the appropriate party for payment;

(2)   Presentation of appropriate claims and demands for payment to parties determined to be liable;

(3)   Notification to Participants that recovery or subrogation rights will be exercised with respect to a claim;

(4)   Filing and prosecution of legal proceedings against any appropriate party for determination of liability and collection of any payments from which such appropriate party may be liable.[20]

Under ERISA a fiduciary with respect to a plan is someone who is named as a fiduciary in the written plan documents, see 29 U.S.C. § 1102(a), or someone who exercises discretionary control or authority over the plan's management, administration, or assets. 29 U.S.C. § 1002(21)(A). See Mertens v. Hewitt Associates, 113 S. Ct. 2063, 2066 (1993)(citing 29 U.S.C. §§ 1002(21)(A) and 1102(a)). Courts must thus look at a party's conduct to determine if a party is an ERISA fiduciary. Because Article VII of the PMA provides Humana express authorization to administer the terms of the Plan by inter alia presenting claims and demands for payment to parties determined to be liable, notifying participants such as Nguyen that subrogation rights will be exercised, and filing and prosecuting legal proceedings against any appropriate party for determination

---

[20]PMA at 7, Article VII ¶ 7.5, Docket Entry No. 42-1 at 135, and Docket Entry No. 44-4 at 7.

of liability and collection of subrogation payments for which such
party may be liable, the court concludes as a matter of law that
Article VII of the PMA unambiguously authorizes Humana to "exercise
discretionary control or authority over the plan's management,
administration, or assets" so as to characterize it as a fiduciary
permitting it to sue under § 1132(a)(3).  See Mertens, 113 S. Ct.
at 2066.

Nguyen does not dispute that the PMA authorizes Humana to
administer the terms of the Plan, and, in fact, acknowledges that
"Humana is a third party administrator of the API Plan.  As such,
it has a fiduciary responsibility to the Plan and its
beneficiaries."[21]   Instead, citing the affidavit of Amy Manuel,
Nguyen argues that the PMA does not grant Humana authority to
"administer the Plan in a way that contradicts that of Amy
Manuel."[22]   Nguyen's reliance on the affidavit of Amy Manuel is
misplaced because the statements in Ms. Manuel's affidavit on which
Nguyen relies contradict the plain terms of the PMA.  Ms. Manuel
states that Humana "does not have the ability to make a final
determination as to whether a claim for subrogation or
reimbursement is appropriate."[23]   But contrary to Ms. Manuel's
statement, the PMA states that Humana is responsible for

---

[21]Nguyen's Response, Docket Entry No. 44, p. 9 ¶ 23.

[22]Id. at 3 ¶ 7.

[23]Affidavit of Amy Manuel, Docket Entry No. 44-1, ¶ 6.

"[i]nvestigation of claims and obtaining additional information to determine if a person or entity may be the appropriate party for payment."[24]  Thus the PMA authorizes Humana to determine who may be an appropriate party for payment.  Ms. Manuel states that "Humana does not have the authority to unilaterally initiate a lawsuit against a Plan participant on behalf of the Plan."[25]  But contrary to Ms. Manuel's statement, the PMA expressly states that Humana is responsible for "[f]iling and prosecution of legal proceedings against any appropriate party for determination of liability and collection of any payments for which such appropriate party may be liable."[26]

Because ¶ 7.5 of the PMA expressly authorizes Humana to provide services for identifying and obtaining recovery of claims payments from all appropriate parties, and because Nguyen fails to argue or establish that the term "all appropriate parties" is ambiguous, and also fails to present competent summary judgment evidence that the term "all appropriate parties" excludes Plan participants, the court concludes that the unambiguous language of ¶ 7.5 of the PMA not only grants Humana discretionary authority to administer the terms of Plan, but also grants Humana discretionary

---

[24]PMA at ¶ 7.5(b)(1), Docket Entry No. 42-1 at 135, and Docket Entry No. 44-4 at 7.

[25]Affidavit of Amy Manuel, Docket Entry No. 44-1, ¶ 7.

[26]PMA at ¶ 7.5(b)(4), Docket Entry No. 42-1 at 135, and Docket Entry No. 44-4 at 7.

authority to file and prosecute the reimbursement claim asserted against Nguyen in this action because the term "all appropriate parties" used in ¶ 7.5 is broad enough to include Plan participants like Nguyen. The court also concludes that Amy Manuel's contrary interpretations of the PMA are legally incorrect and constitute an abuse of discretion. See <u>Gosselink v. American Telephone & Telegraph, Inc.</u>, 272 F.3d 722, 727 (5th Cir. 2001) ("[I]f an administrator interprets an ERISA plan in a manner that directly contradicts the plain meaning of the plan language, the administrator has abused his discretion."). Accordingly, the court concludes that Humana is a Plan fiduciary with standing to sue Nguyen under 29 U.S.C. § 1132(a)(3).

> 2. <u>Unambiguous Terms of the Plan Establish Equitable Lien Against Settlement Funds Received by Nguyen</u>

In the memorandum submitted in support of its motion for summary judgment, Humana argues that the document governing the Plan's ability to be reimbursed for benefits paid on Nguyen's behalf is the 2009 SPD which in pertinent part provides:

> The *beneficiary* agrees that by accepting and in return for payment of *covered expenses* by this Plan in accordance with the terms of this Plan:
>
> 1. This Plan shall be repaid the full amount of the *covered expenses* it pays from any amount received from others for the *bodily injuries* or losses which necessitated such *covered expenses*. Without limitation, "amounts received from others" specifically includes, but is not limited to, liability insurance, worker's compensation,

-15-

uninsured motorists, underinsured motorists, "no-fault" and automobile med-pay payments or recovery from any identifiable fund regardless of whether the *beneficiary* was made whole.

2.   This Plan's right to repayment is, and shall be, prior and superior to the right of any other person or entity, including the *beneficiary*.

3.   The right to recover amounts from others for the injuries or losses which necessitate *covered expenses* is jointly owend by this Plan and the *beneficiary*.  This Plan is subrogated to the *beneficiary's* rights to that extent.  Regardless of who pursues those rights, the funds recovered shall be used to reimburse this Plan as prescribed above; this Plan has no obligation to pursue the rights for an amount greater than the amount that it has paid, or may pay in the future.  The rights to which this Plan is subrogated are, and shall be, prior and superior to the rights of any other person or entity, including the *beneficiary*.

4.   The *beneficiary* will cooperate with this Plan in any effort to recover from others for the *bodily injuries* and losses which necessitate *covered expense* payments by this Plan.  The *beneficiary* will notify this Plan immediately of any claim asserted and any settlement entered into, and will do nothing at any time to prejudice the rights and interests of this Plan.  Neither this Plan nor the *beneficiary* shall be entitled to costs or attorney fees from the other for the prosecution of the claim.[27]

Citing <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866 (2011), Nguyen

argues that "[t]erms of a summary plan description cannot be

---

[27]Memorandum in Support of Humana's Motion for Summary Judgment, Docket Entry No. 42-1, pp. 3-4 (citing 2009 SPD, p. 79, Docket Entry No. 42-1, p. 83).  <u>See also</u> 2012 SPD, p. 81, Docket Entry No. 45-1, p. 87 (same language).

enforced through § 1132(a)(1)(B)."[28]   Citing the Affidavit of Amy

Manuel Nguyen argues that Humana relies on the wrong Plan Document:

16. Humana contends that the 2009 . . . [SPD] is the governing document for the API Plan. *Bargender Affidavit*. . . The 2009 SPD warns, "This SPD presents an overview of your benefits.   In the event of any discrepancy between the SPD and the official Plan Document, the Plan Document shall govern." *Bargender Exhibit 1, p. 2.*   The SPD refers to a separate, controlling document. Perhaps because it was unable to find the controlling document, Humana now claims that the 2009 SPD is the governing document. . . [O]ther Plan documents exist that apply to this claim.

17. Although Humana failed to produce the 2009 New Case Document, it exists and has been produced by API. *Manuel Exhibit 1.*   It is the source for the 2009 SPD.   ("The New Case Document will be used by Humana to draft the Summary Plan Description for the Plan"). *Id.*   SPDs "provide communications with beneficiaries about the plan, but do not constitute the terms of the plan." *Cigna Corp. v. Amara*, 131 S.Ct. 1866, 1878 (2011).   Thus, the 2009 New Case Document takes precedence over the 2009 SPD. . . .

18. Forced into recognizing that newer Plan documents exist, Humana argues that the 2011 New Case Document was not approved by API.   This is incorrect.   The documents, although unsigned, are self executing.   The parties have performed based on those agreements, whether signed or not.

19. Both the 2009 and 2011 New Case Documents have identical language regarding subrogation and reimbursement.   Specifically, they note that subrogation "allows the Plan to 'stand in the shoes of the covered person and collect money from the responsible appropriate party". *Manuel Exhibit 1, p. 22 and Exhibit 2, p. 29.*   In other words, both the 2009 and 2011 New Case Documents allow for recovery against a third party who is responsible for causing an injury to a Plan participant like

---

[28]Nguyen's Response, Docket Entry No. 44, p. 6, ¶ 16.

Nguyen.  However, the provision does not permit
recovery from a Plan participant's own policy of
insurance.  *Manuel Affidavit.*  Thus, there should
be  no  subrogation  right  from  an  uninsured/
underinsured motorist insurance policy from a
participant like Nguyen.  At minimum, Humana has
failed to establish that it relied on the correct
document in support of its claims.[29]

In reply Humana cites the Second Declaration of Brian
Bargender and the attachments thereto as evidence that the
governing Plan document is not the 2009 SPD as originally argued in
the memorandum submitted in support of its motion for summary
judgment but, instead, the 2012 SPD.  Bargender states:

2.   At the time Humana filed its Motion for Summary
     Judgment, I was under the mistaken belief that
     following approval of the 2009 Summary Plan
     Description, no subsequent version of the Plan
     Document for the API Employee Benefits Plan had
     been approved.  Indeed, the 2011 New Case Document
     was never executed.

3.   However, in the course of requesting and reviewing
     all documents and correspondence exchanged by the
     parties involved with the approval of API's plan
     documents, I discovered an executed Claim Payment
     Agreement approving the 2012 Summary Plan
     Description, which was previously unknown to me.

4.   The Claim Payment Agreement was signed on January
     29, 2013, and states that the agreement is
     effective June 1, 2012.

5.   The Claims Payment Agreement authorizes Humana to
     process claims "based on benefits and provisions
     described in the New Case Document as stated in the
     Summary Plan Description."

6.   A true and correct copy of the Claims Payment
     Agreement is attached hereto as Exhibit 1.

---

[29]*Id.* at 6-7 ¶¶ 17-19.

7.   A true and correct copy of the 2012 Summary Plan
     Description approved by the Claims Payment
     Agreement is attached hereto as Exhibit 2.

8.   The Subrogation/Reimbursement provisions of the 2012 and
     2009 Summary Plan Descriptions are identical.[30]

In CIGNA, 131 S. Ct. at 1877-78, the Supreme Court held that
the text of § 1132(a)(1)(B) does not authorize courts to enforce
the terms of a plan summary, because that provision only authorizes
enforcement of the "'terms of the plan.'"  Section 1132(a)(1)(B)
does, however, allow courts to "look outside the plan's written
language in deciding what those terms are, i.e., what the language
means."   Id. at 1877.   Also, even if the Plan's language
unambiguously supports an administrator's decision, conflicting
terms in the plan summary may still be enforced through a claim
asserted under § 1132(a)(3).  Id. at 1878-82.  The Fifth Circuit
has recognized that the Supreme Court's decision in CIGNA changed
Fifth Circuit case law to the extent that the plan text ultimately
controls the administrator's obligations in a § 1132(a)(1)(B)
action, but that CIGNA did not disturb the Fifth Circuit's prior
holdings that ambiguous plan language be given a meaning as close
as possible to what is said in the plan summary.  Koehler, 683 F.3d
at 189 (citing McCall v. Burlington Northern/Santa Fe. Co., 237
F.3d 506, 512 (5th Cir. 2000), cert. denied, 122 S. Ct. 57 (2001);
Hansen v. Continental Insurance Co., 940 F. 2d 971, 980-81 (5th

---

[30]Second Declaration of Brian Bargender, Docket Entry No. 45-1,
¶¶ 2-8.

Cir. 1991); and <u>Rhorer v. Raytheon Engineers and Constructors,</u>
<u>Inc.</u>, 181 F.3d 634, 641-42 (5th Cir. 1999)).

As Ms. Manuel acknowledges in her affidavit, the provision of
the 2011 New Case Document pertaining to subrogation/reimbursement
is identical to the provision pertaining to subrogation/
reimbursement in the 2009 New Case Document.[31]   That provision of
both the 2009 and the 2011 New Case Documents states:

> Subrogation allows the Plan to "stand in the shoes of the
> covered person and collect money from **the responsible**
> **appropriate party.**"   Once the Plan pays, we have a
> contractual/equitable right to request money back from
> **the responsible appropriate party** or their insurance
> carrier.   Reimbursement allows the Plan, by contractual
> right, to recover the money the Plan paid on behalf of
> the covered person, when benefits are paid and the
> covered person recovers monetary damages from **the**
> **responsible appropriate party.**   This can be either by
> settlement, judgment or other manner.[32]

Neither party argues that any of the terms of this provision are
ambiguous and the court concludes that the terms in this provision
are not ambiguous.   The plain language of this provision allows the
Plan "to stand in the shoes of the covered person and collect money
from **the responsible appropriate party.**"   Moreover once the Plan
pays benefits for a covered person, this provisions allows the
Plan, by contractual right, to recover the money the Plan paid on
behalf of the covered person when the covered person recovers

---

[31]Affidavit of Amy Manuel, Docket Entry No. 44-1, ¶ 8.

[32]2011 New Case Document, Docket Entry No. 44-3, p. 29, and
2009 New Case Document, Docket Entry No. 44-2, p. 22 (emphasis
added).

monetary damages from **the responsible appropriate party**. Thus, the subrogation/reimbursement provision contained in both the 2011 New Case Document and the 2009 New Case Document expressly creates a agreement pursuant to which a Plan participant's entitlement to settlement funds received from a responsible appropriate party is subordinate to the Plan's lien on those funds for benefits paid. Therefore, even if the governing Plan document is as Nguyen argues, the 2011 New Case Document, and not as Humana argues, the 2009 or 2012 SPD, the court concludes that the terms of the Plan create a pre-existing equitable lien in favor of the Plan against the settlement funds held in the registry of the court.

Nguyen's reliance on the affidavit of Ms. Manuel in support of his argument that Humana is not authorized to seek reimbursement because the Plan allows recovery against a third party who is responsible for causing the injury to the Plan participant but does not allow a recovery to be made from a Plan participant's own insurance policy is misplaced because the statements in Ms. Manuel's affidavit contradict the plain terms of the Plan. Citing the subrogation provision of both the 2009 and the 2011 New Case Document Ms. Manuel states:

> 9) This provision allows a recovery against a third party (or his or her insurance company) who is responsible for causing an injury or injuries to a Plan participant. It does not allow a recovery to be made from a Plan participant's own policy of insurance. The terms of the API Employee Benefits Plan do not allow a claim for subrogation or reimbursement from an uninsured or underinsured

motorist policy, nor any other policy of insurance secured by the Plan participant.

10) Exercising my discretion as Plan Administrator and Plan Fiduciary, I analyzed the facts of Mr. Nguyen's case in a manner consistent with the intentions of the Plan. In this case, it is the express wish of the Plan not to pursue a subrogation/reimbursement claim against the funds that are [] being held by the Court in this case.[33]

Missing from Ms. Manuel's affidavit is any explanation for why a determination not to pursue reimbursement against Nguyen is consistent with the relevant terms of the Plan. Ms. Manuel's statements regarding the intentions and wishes of the Plan contradicts the unambiguous terms of the Plan as stated in the subrogation provisions found in both the New Case Documents for 2009 and 2011 and as explained in the SPDs for both 2009 and 2012. For example, the subrogation provisions in both the 2009 and 2011 New Case Documents allow the Plan to "stand in the shoes of the covered person and collect money from **the responsible appropriate party.**"[34]

The Plan does not define the term "responsible appropriate party," and giving the words of this term their plain and ordinary meaning, the court concludes that it is a broad term that unambiguously includes a Plan participant's own insurers.

_____

[33]Affidavit of Amy Manuel, Docket Entry No. 44-1, ¶¶ 9-10.

[34]2011 New Case Document, Docket Entry No. 44-3, p. 29, and 2009 New Case Document, Docket Entry No. 44-2, p. 22 (emphasis added).

Alternatively, the court concludes that if the term "responsible appropriate party" were ambiguous, the term should be given a meaning as close as possible to what is said in the 2009 and 2012 SPDs. See Koehler, 683 F.3d at 189. Both the 2009 SPD and the 2012 SPD plainly state:

> The *beneficiary* agrees that by accepting and in return for payment of *covered expenses* by this Plan in accordance with the terms of this Plan:
>
> 1. This Plan shall be repaid the full amount of the *covered expenses* it pays from any amount received from others for the *bodily injuries* or losses which necessitated such *covered expenses*. Without limitation, "amounts received from others" specifically includes, but is not limited to, liability insurance, worker's compensation, uninsured motorists, underinsured motorists, "no-fault" and automobile med-pay payments or recovery from any identifiable fund regardless of whether the *beneficiary* was made whole.[35]

Because both the 2009 and 2011 New Case Documents expressly authorize the Plan to "stand in the shoes of the covered person and collect money from **the responsible appropriate party**," because Nguyen fails to argue or establish that the term "responsible appropriate party" is ambiguous, and also fails to present competent summary judgment evidence that the term "responsible appropriate party" excludes a Plan participant's own insurers, and because both the 2009 and 2012 SPDs for the Plan provide that the Plan shall be repaid in full from amounts received from others,

_____

[35]Docket Entry No. 42-1, p. 83, and Docket Entry No. 45-1, p. 87.

including a Plan participant's own insurers, a fair reading of the
term "responsible appropriate party" used in the 2009 and 2011 New
Case Documents includes a Plan participant's own insurers.  The
court concludes therefore that the unambiguous terms of the Plan
create an agreement that existed before Nguyen received settlement
funds for injuries sustained in the April 2012 accident pursuant to
which Nguyen's entitlement to the settlement funds is subordinate
to the Plan's lien on those funds for benefits paid to treat
Nguyen's injuries.  The court concludes that Amy Manuel's contrary
interpretation of the Plan documents is legally incorrect and
constitutes an abuse of discretion because her interpretation does
not represent a fair reading of the Plan documents, and creates an
internal inconsistency within the Plan documents.  Thus the court
concludes that the terms of the Plan contained in the 2011 New Case
Document unambiguously establish an equitable lien in favor of the
Plan against the settlement funds in the court's registry.


   3.   Nguyen's Objections to Humana's Evidence

     Nguyen objects to a number of statements in Mr. Bargender's
first affidavit.[36]   Since, however, the court has not relied on the
statements to which Nguyen objects in reaching the conclusions
stated in the preceding paragraphs, Nguyen's objections will be
overruled as moot.

_____

     [36]Nguyen's Response, Docket Entry No. 44, p. 10, ¶ 25.

4.   Conclusions

For the reasons explained above the court concludes that Humana is a Plan fiduciary with standing under 29 U.S.C. § 1132(a)(3) to prosecute the claims asserted in this action, and that the unambiguous terms of the Plan create an equitable lien against the settlement funds in favor of the Plan.  Thus Humana's motion for summary judgment on its claims for enforcement of the Plan terms, for equitable relief in the form of reimbursement from the settlement funds, and for declaratory judgment will be granted.

**C.   Nguyen Is Not Entitled to Summary Judgment on His Counterclaim for Breach of Fiduciary Duty**

Nguyen's counterclaim for breach of fiduciary duty alleges:

13.   As Plan Administrator, API Enterprises, Inc. owes fiduciary duties under ERISA §502(a), 29 U.S.C. § 1132(a) to Nguyen, including the duties of loyalty, prudence, and a duty to act for the exclusive purpose of providing benefits to plan participants.

14.   Humana is not a fiduciary under the plan, and i[t] therefore lacks standing to bring this action.

15.   By bringing this action, Humana has acted in direct violation of the Plan's wishes, thereby causing its client, the API Employee Benefits Plan, to breach its fiduciary duty owned to Nguyen under ERISA.

16.   By bringing this action, Humana has deprived Nguyen of the settlement proceeds to which he is lawfully entitled.

17.   Humana is asserting a claim based on the API Employee Benefits Plan Summary Plan Description, which is not the proper document governing the resolution of this matter.

18.   Given Humana's wanton breach of its fiduciary duties, Nguyen requests that Humana be enjoined, prevented, and estopped from enforcing any supposed right of reimbursement against Nguyen.[37]

Citing 29 U.S.C. § 1132(a)(3) and the Supreme Court's decision in Cigna Corp. v. Amara, 131 S. Ct. 1866, 1881 (2011), Nguyen argues that he is entitled to summary judgment on his counterclaim for breach of fiduciary duty because

> [t]he Plan permits Humana to undertake subrogation and reimbursement recovery. However, only the Plan Administrator has the discretion to interpret and administer the Plan. Humana went beyond its authority when it filed this lawsuit against the express wishes of the API Plan and Plan Administrator.[38]

Nguyen contends that

> Humana acted in its own selfish interests by bringing this lawsuit despite lacking the authority to do so. Humana seeks reimbursement from Nguyen's proceeds based on the authority of a 2009 SPD. The document itself indicates that another document governs. The other document has been produced and evidences that Humana does not have the authority to proceed with this lawsuit. Despite that, Humana aims to collect $255,000 and line its own pockets. This kind of unjust enrichment is the very definition of breach of fiduciary duty.[39]

Nguyen requests a continuance for the purpose of conducting discovery if the court denies his cross motion for summary judgment.[40]

---

[37]Counterclaim, Docket Entry No. 21, p. 3 ¶¶ 13-18.

[38]Nguyen's Response, Docket Entry No. 44, p. 9 ¶ 23.

[39]Id. at 9-10 ¶ 24.

[40]Id. at 10-11 ¶ 26.

Humana argues that it is entitled to summary judgment on Nguyen's counterclaim for breach of fiduciary duty because Nguyen does not dispute that his claim is actually a claim for Plan benefits that must be sought under 29 U.S.C. § 1132(a)(1) not 29 U.S.C. § 1132(a)(3). Humana argues that Nguyen's argument regarding unjust enrichment lacks merit and is in reality a disguised claim for plan benefits.[41] Humana has not cited any legal authority in support of its argument, but the Fifth Circuit has long held that an ERISA plaintiff may not seek to recover "make-whole" plan benefits as equitable relief under Section 1132(a)(3). See Amschwand v. Spherion Corp., 505 F.3d 342, 348 (5th Cir. 2007), cert. denied, 128 S. Ct. 2995 (2008). Nguyen argues that the Supreme Court overruled this narrow interpretation of § 1132(a)(3) in CIGNA, and that following CIGNA the Fifth Circuit held in Gearlds v. Entergy Services, Inc., 709 F.3d 448, 450 (5th Cir. 2013), that it is no longer proper for courts to dismiss claims under § 1132(a)(3) simply because a plaintiff is seeking monetary damages.

In CIGNA a group of employees sued their employer and their pension plan because the employer misled the employees about the conversion of a defined benefit retirement plan into a cash benefit plan with less generous benefits. CIGNA, 131 S. Ct. at 1870. After finding that the defendant had intentionally misled the

---

[41]Humana's Reply, Docket Entry No. 45, pp. 9-12.

employees, the district court reformed the terms of the plan, requiring the plan administrator to pay to the already retired beneficiaries money owed to them under the plan as reformed. <u>Id.</u> at 1874-76, 1879-80. The Supreme Court held that § 1132(a)(1)(B) did not authorize the relief awarded by the district court because it did not allow the plan to be reformed. <u>Id.</u> at 1876-77. Nevertheless, the Court held that relief could be available under § 1132(a)(3) because even though the district court's remedy was in the form of money damages, such relief was not beyond the scope of equity since "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." <u>Id.</u> at 1880. The Court noted that this relief was commonly known as "surcharge." Observing that defendant's position as a fiduciary was analogous to a trustee, the Court held that "an award of make-whole relief" in the form of surcharge was within the scope of "appropriate equitable relief" under § 1132(a)(3). <u>Id.</u>

In <u>Gearlds</u>, 709 F.3d at 452, the Fifth Circuit held that the Supreme Court's opinion in <u>CIGNA</u> implicitly overruled the Fifth Circuit's decision in <u>Amschwand</u>, 505 F.3d at 348, that an ERISA plaintiff may not seek to recover "make-whole" plan benefits as equitable relief under Section 1132(a)(3). The Fifth Circuit then addressed whether the "surcharge" remedy was applicable under the facts of that case. <u>Id.</u> In <u>Gearlds</u> an employee retired early,

-28-

allegedly relying on written and oral assurances from his employer that he would continue to receive medical benefits.  Id. at 449. Five years later, the employer notified the employee that it was discontinuing his medical benefits, and the employee filed suit, alleging a breach of fiduciary duty under § 1132(a)(3) and equitable estoppel.  Id. at 449-50.  Concluding that the employee had an actionable claim for "surcharge," the Fifth Circuit stated:

> To be sure, Gearlds did not expressly plead or argue "surcharge," but he did argue that he should be made whole in the form of compensation for lost benefits, and his complaint specifically asked for "[a]ny and all other damages and/or relief, equitable or otherwise, to which [he] may be entitled under federal law."  Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used.  See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'" (citation omitted)).  We conclude that Gearlds has at least stated a plausible claim for relief, and therefore further proceedings are required.  We leave to the district court the determination whether Gearlds breach of fiduciary duty claim may prevail on the merits and whether the circumstances of the case warrant the relief of surcharge.

Id. at 452.

The opinions in CIGNA and Gearlds stand for the proposition that misrepresentations can form the basis for breach of fiduciary duty claims.  Nguyen has not alleged that the Plan or Humana misrepresented the Plan terms to him.  The gist of Nguyen's breach of fiduciary duty claim is that the Plan owed him benefits, paid him benefits, and that Humana wrongfully filed suit against him

seeking reimbursement by misinterpreting and misapplying the terms of the Plan.   Because for the reasons stated in the preceding section, the court has already concluded that Humana is a Plan fiduciary with standing under 29 U.S.C. § 1132(a)(3) to prosecute the claims asserted in this action, and that the unambiguous terms of the Plan created an equitable lien against the settlement funds in favor of the Plan that preexisted Nguyen's receipt of settlement funds, the court concludes that Humana has not breached its fiduciary duty by bringing this action.   Accordingly, the court concludes that Humana is entitled to summary judgment on Nguyen's breach of fiduciary duty claim.

"If the Court denies Mr. Nguyen's cross motion for summary judgment on his affirmative defense of standing, then [Mr. Nguyen] would request discovery to present facts to justify his opposition to Humana's claims."[42]   Nguyen explains that he would

> like to take the deposition of a corporate representative
> of Humana who has knowledge of the claims and Plan at
> issue in this matter.   If his cross motion for summary
> judgment is denied, Nguyen requests a continuation of
> Humana's summary judgment motion pending the completion
> of that deposition pursuant to Fed. R. Ci. P. 56(d).[43]

The parties' cross-motions for summary judgment have been on file for over five months, the deadline for completion of discovery is June 27, 2014, and no limits have been placed on the ability to

---

[42]Nguyen's Response, Docket Entry No. 44, p. 10 ¶ 26.

[43]Id. at 11 ¶ 26.

-30-

conduct discovery.[44]   Nguyen has not stated any reasons why the discovery he seeks has not already been conducted.   Thus, Nguyen's request for a continuance to conduct discovery will be denied.

## V.   Conclusions and Order

For the reasons explained in § IV.B, above, Nguyen's objections to Humana's evidence are **OVERRULED AS MOOT**, and Plaintiff Humana Health Plan, Inc.'s Motion for Summary Judgment, Docket Entry No. 41, is **GRANTED**.   For the reasons stated in § IV.C, above, Nguyen's request for a continuance to conduct discovery is **DENIED**, Defendant Patrick Nguyen's Cross Motion for Summary Judgment, Docket Entry No. 44, is **DENIED**, and the court will enter a final judgment in favor of Humana.

**SIGNED** at Houston, Texas, on this 2nd day of May 2014.

_____
            SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[44]See Docket Control Order, Docket Entry No. 39.